IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRUCE M. EWERT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NETPULSE, JOHNSON HEALTH TECH NORTH AMERICA, LIFE FITNESS, ACTIVE THEORY,<br><br>　　　　　Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:17-cv-995-CW-BCW<br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Brooke C. Wells** |

  District Judge Clark Waddoups referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On September 15, 2017, the Court granted Bruce M. Ewert's ("Plaintiff") application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 ("IFP Statute").[2] Before the Court are the following motions: (1) Defendant Netpulse, Inc.'s ("Netpulse") Motion to Dismiss;[3] (2) Defendant Johnson Health Tech North America, Inc.'s ("Johnson") Motion to Dismiss;[4] and (3) Defendant Active Theory, Inc's ("Active") Motion to Dismiss.[5] Plaintiff has failed to respond to

---

[1] Docket no. 5.

[2] Docket no. 2.

[3] Docket no. 11.

[4] Docket no. 21.

[5] Docket no. 22.

any Defendant's motion and the time for doing so has passed. *See* DUCivR 7-1(b)(3)(A) ("A memorandum opposing motions [to dismiss] . . . must be filed within twenty-eight (28) days after service of the motion . . .".)  While the Court could summarily grant Netpulse's, Johnson's, and Active's (collectively, "Defendants") motions without further notice, the Court determined the motions and Plaintiff's Complaint on the merits. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice.")  For the foregoing reasons, the Court recommends granting Defendants' motions to dismiss for lack of standing and/or improper venue.

## BACKGROUND

Plaintiff invented dynamically variable rate video in 1995, and, on December 21, 1999, he was granted U.S. Patent No. 6,142,913 ("'913 Patent") for the invention.[6]  The invention was for use in exercise equipment such that a video screen attached to the equipment, e.g., stationary bike or treadmill, would play videos that progress at the pace of the individual user.[7]  On October 1, 2008, Balanced Fitness (its successor, Virtual Active, is a wholly owned subsidiary of Netpulse) entered into an Amended and Restated License Agreement ("License Agreement") with IXR, Inc. ("IXR"), a Utah corporation for which Plaintiff was the CEO.[8]  The License Agreement granted Balanced Fitness/Virtual Active an exclusive license under the '913 Patent to "make, have made, use, sell, offer to sell, and import any products, to practice any methods, processes, or procedures within the Patent Rights, to perform services and to otherwise exploit

---

[6] Docket no. 3 at 2 and Exhibit 1.

[7] *Id.* at 2 and Exhibit 1.

[8] *Id.*, Exhibit 2.

the Patent Rights under the terms" of the License Agreement, except in the field of the competition and/or gaming market.[9]

In the License Agreement, IXR represented that it was the owner of the '913 Patent.[10] A search of the assignment records of the U.S. Patent and Trademark Office demonstrates that Plaintiff assigned all of the rights to the '913 Patent to IXR on November 2, 2002. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The License Agreement stated that it was to be governed by the laws of California and that the licensee (Balanced Fitness/Virtual Active) may terminate the License Agreement "at any time by giving Licensor at least sixty (60) days prior written notice."[11] The License Agreement also provided that "[a]ll disputes, controversies or differences which may arise between the parties hereto out of, in relation to or in connection with this Agreement, or the breach hereof, shall be settled by binding arbitration held in San Francisco, California, pursuant to the rules of the American Arbitration Association."[12]

On August 2, 2016, Virtual Active gave the required written notice that it was terminating the License Agreement effective in sixty days.[13] Notwithstanding the choice of law and arbitration provisions in the License Agreement, Plaintiff filed the instant lawsuit in the District

---

[9] *Id.*, Exhibit 2 at 20.

[10] *Id.*, Exhibit 2 at 19.

[11] *Id.*, Exhibit 2 at 24.

[12] *Id.*, Exhibit 2 at 26.

[13] *Id.*, Exhibit 3.

of Utah on September 15, 2017, against Defendants asserting claims for patent infringement and/or breach of contract.[14]

## LEGAL STANDARDS

As an initial matter, the Court recognizes that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[15] At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[16] and it "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[17] Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[18]

---

[14] Docket no. 3.

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.

[16] *Bellmon*, 935 F.2d at 1110.

[17] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[18] *Bellmon*, 935 F.2d at 1110 (citations omitted).

With these standards in mind, the Court now turns to Defendants' Motions to Dismiss.

## DISCUSSION

### A. Standing

Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that Plaintiff does not have standing to bring this lawsuit. "Standing is a constitutional requirement pursuant to Article III and it is a threshold jurisdictional issue." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1363 (Fed. Cir. 2010). "A court may exercise jurisdiction only if a plaintiff has standing to sue on the date it files suit." *Id.* at 1364. Under Article III, Plaintiff must satisfy the following three elements to demonstrate standing. Plaintiff must show (1) an "injury in fact—an invasion of a legally protected interest," (2) "a causal connection between the injury and the conduct complained of," and (3) that it is likely rather than speculative that "the injury will be redressed by a favorable decision." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309-10 (Fed. Cir. 2003) (quotations and citations omitted). In a patent infringement case, "the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit" to establish standing. *Id.* Accordingly, "'if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured' after the inception of the lawsuit." *Abraxis Bioscience*, 625 F.3d at 1364 (quoting *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005)).

Thus, if a party previously held title to a patent, like Plaintiff, that party lacks standing to sue for patent infringement upon assignment of the patent to another entity. *See Lans v. Digital*

*Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (holding that plaintiff-inventor, who assigned his patent to a corporation in which he was the sole shareholder prior to filing the action, lacked standing to sue). An assignment transfers "all substantial rights" to the patent; "[w]hen a party holds all rights or all substantial rights, it alone has standing to sue for infringement." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007).

Although Plaintiff asserts that he invented the technology articulated in the '913 Patent, he has not demonstrated that he is the current owner of the '913 Patent. As noted above, Plaintiff assigned "the entire right, title and interest in and to" the '913 patent to IXR on November 8, 2002. Plaintiff has not asserted or demonstrated that IXR assigned or transferred its ownership rights in the '913 Patent to Plaintiff. Because IXR currently owns the '913 Patent and did at the inception of this lawsuit, Plaintiff lacks standing to bring this case. A patent infringement plaintiff must have title to the patent in order to have standing to sue. As such, this court recommends that Plaintiff's action be dismissed for lack of standing under Federal Rule of Civil Procedure 12(b)(1).

### B. Venue

Defendants also seek dismissal under Rule 12(b)(3) for improper venue. Thus, even assuming that Plaintiff had standing to bring his action, it is apparent on the face of his Complaint that the District of Utah is not a proper venue for this case. Under 28 U.S.C. § 1400, a "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Supreme Court recently held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue

statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). The following three elements help to determine whether a corporate defendant has "a regular and established place of business" within the district: (1) the corporation must have "a physical place in the district"; (2) the place "must be a regular and established place of business"—that is, the defendant's place "must for a meaningful time period be stable, established"; and (3) the place must be "the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017). If any of these statutory requirements are not met, venue is not proper. *See id.* at 1360.

Notwithstanding his *pro se* status, Plaintiff bears the burden to show that "venue is proper as to each claim and as to each defendant." *Gwynn v. TransCor Am., Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998). Netpulse is incorporated in Delaware and headquartered in California.[19] Netpulse is not registered or authorized to do business in Utah nor does it have any presence in Utah.[20] Active is incorporated in Delaware and has its principal (and only) place of business in California.[21] Active is not registered to do business in Utah nor does it have any presence in Utah.[22] Johnson is a Wisconsin corporation with its principal place of business in Wisconsin.[23] Johnson does not have any physical locations in Utah.[24] Furthermore, the alleged infringing acts

---

[19] Docket no. 11 at 7.

[20] *Id.*

[21] Docket no. 22 at 2.

[22] *Id.*

[23] Docket no. 21 at 2.

[24] *Id.*

all occurred outside the District of Utah.[25] Thus, because venue is improper in this district, this Court recommends that Plaintiff's Complaint be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed for lack of standing and/or improper venue.

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object.[26] Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 22nd day of June, 2018.

BY THE COURT:

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[25] Docket no. 3 at 3-7.

[26] *See* 28 U.S.C. § 636(b)(1).